UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASMINKA DUBRIC,<br><br>      Plaintiff,<br><br>vs.<br><br>A CAB LLC, et al.,<br><br>      Defendants. | 2:15-cv-02136-RCJ-CWH<br><br>**ORDER** |

This case arises out of an employee's allegations that her employer's owner sexually harassed her and touched her in an offensive manner. In response, the owner filed a counterclaim against the employee claiming defamation and abuse of process. Pending before the Court is a Motion to Dismiss the Counterclaim (ECF No. 13). For the reasons given herein, the Court grants the motion to dismiss, with leave to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

Plaintiff Jasminka Dubric began working for Defendant A Cab LLC ("A Cab") on March 20, 2001. (Compl. ¶ 8, ECF No. 1). Dubric alleges that from the beginning of her employment until May 26, 2015, Defendant Creighton J. Nady, the owner of A Cab, "made comments about Plaintiff's appearance and body" and hugged her and touched her shoulders without permission. (*Id.* ¶ 10). Dubric did not complain because she feared losing her job. (*Id.*). Dubric alleges that

on April 15, 2015 Nady "grabbed her face and forcefully kissed her on the mouth." (*Id.* ¶ 12). On May 26, 2015, Nady again grabbed Dubric's face and attempted to kiss her on the lips but kissed her cheek after Dubric turned her head and pulled away. (*Id.* ¶ 13). On or about May 27, 2015, Nady demoted Dubric from road supervisor to taxi cab driver and Dubric resigned. (*Id.* ¶¶ 14–15).

Dubric filed a claim for unemployment, but the Nevada Employment Security Division denied her benefits. (Countercl. ¶ 9, ECF No. 11, at 8). On July 27, 2015, at an appeal hearing regarding the denial of unemployment benefits, Dubric recounted her claims of sexual harassment and offensive touching to the state referee. (*Id.* ¶ 12). Dubric filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on July 17, 2015 and was issued a Notice of Right to Sue. (Compl. ¶ 7; Countercl., ¶ 10).

On November 6, 2015, Dubric filed this suit making three claims solely against A Cab: (1) sexual harassment—hostile work environment in violation of Title VII; (2) sexual harassment—quid pro quo in violation of Title VII; and (3) retaliation in violation of Title VII. Dubric also makes the following claims against all Defendants: (1) intentional infliction of emotional distress; and (2) battery.

On January 28, 2016, Defendant Nady filed an answer to the complaint and included a counterclaim with the following claims: (1) defamation, libel, slander; and (2) abuse of process. Dubric has filed a motion to dismiss the counterclaim pursuant to Fed. R. Civ. Pro. 12(b)(6) and Nev. Rev. Stat. 41.660.

II.  **LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

*& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

Dubric moves the Court to dismiss Nady's defamation and abuse of process claims.

**A.   Defamation**

Nady alleges that Dubric made "false and defamatory statements" about him to third parties. (Countercl. ¶¶ 15–20, ECF No. 11). Dubric moves the Court to dismiss Nady's defamation claim against her for failure to state a claim. For a claim of defamation, a plaintiff must prove four elements: "(1) a false and defamatory statement . . . ; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Clark Cty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 213 P.3d 496, 503 (Nev. 2009) (quotation omitted). Dubric argues that Nady fails to state a claim for defamation because the publication here was privileged.

Nady alleges that Dubric made two sets of defamatory statements—one set made in "a Charge of Discrimination [filed] with the Nevada Equal Rights Commission and/or [EEOC] on July 17, 2015," (Countercl. ¶ 10), and one during "[a]n appeal hearing on the denial of unemployment benefits . . . on July 27, 2015," (*id.* ¶ 12). "A statement is absolutely privileged if

it was made in the course of judicial or quasi-judicial proceedings." *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201 (D. Nev. 2009); *see also Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005). Proceedings of the EEOC are quasi-judicial because the Commission has authority to enforce federal laws prohibiting employment discrimination. *See* 42 U.S.C. § 2000e-5; *Collins v. Reg'l Transp. Comm'n of S. Nev.*, No. 2:14-CV-854 JCM-VCF, 2014 WL 7330943, at *2 (D. Nev. Dec. 19, 2014). ("An alleged defamatory statement made in connection with a quasi-judicial proceeding, including EEOC proceedings, is not actionable."). The Nevada Equal Rights Commission ("NERC") also has authority to investigate allegations of employment discrimination and to mediate disputes arising from such allegations, Nev. Rev. Stat. § 233.150; thus, NERC proceedings are also quasi-judicial. As a result, Dubric's statements filed with either commission are privileged.

> Statements made to the Nevada Employment Security Division are also privileged:
>
> All letters, reports or communications of any kind, oral or written, from the employer or employee to each other or to the Division or any of its agents, representatives or employees are privileged and must not be the subject matter or basis for any lawsuit if the letter, report or communication is written, sent, delivered or prepared pursuant to the requirements of this chapter.

Nev. Rev. Stat. § 612.265; *see also* § 612.049; *Circus Circus Hotels, Inc. v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983) ("the absolute privilege attached to judicial proceedings has been extended to quasi-judicial proceedings before executive officers, boards, and commissions, including proceedings in which the administrative body is considering an employee's claim for unemployment compensation"). Thus, all of the allegedly defamatory statements are privileged. Nady argues that discovery might uncover defamatory communications Dubric made to other third parties, but the counterclaim refers only to the two sets of statements discussed above. Nady has not pleaded any other facts to make a claim of defamation plausible. He has failed to

state a claim upon which relief can be granted. The Court dismisses the claim, with leave to amend.

### B.     Abuse of Process

Nady alleges that Dubric has filed various frivolous complaints "to purposely force Nady to incur fees and costs to respond and to defend." (Countercl. ¶¶ 22–23). The elements of an abuse of process claim include: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (quotation omitted). Under Nevada law, "the mere filing of the complaint is insufficient to establish the tort of abuse of process." *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985). The complaining party must make some "allegation of abusive measures taken after the filing of the complaint." *Id.*

Here, Nady makes no allegation that Dubric took abusive measures after filing the complaint. In addition, as Dubric indicates, the charge of discrimination filed with the EEOC and the hearing regarding unemployment benefits involved A Cab as a party, not Nady. (*See* Charge of Discrimination, 1, ECF No. 13-1; Decision of Referee, 1–4, ECF No. 13-4). Nady cannot claim abuse of process based on proceedings targeted at others, not him. Nady does not dispute these arguments or facts; his only counter-argument cites to non-binding case law from Connecticut. Nady might argue (he does not) that the proceedings affect him directly because he is the owner of A Cab, but this argument would also fail. First, the Employment Security Division decided to reverse its prior decision denying Dubric benefits; thus, Nady cannot claim Dubric abused any process involving those proceedings when Dubric prevailed. Second, Nady also cannot state a claim for abuse of process based solely on the filing of a charge of discrimination with the EEOC. Filing a charge of discrimination is a prerequisite to filing a

complaint involving claims of discrimination, *see Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002) (a plaintiff must timely exhaust any administrative remedies before bringing a Title VII claim to court); thus, as with a complaint in a lawsuit, a plaintiff must make some allegation of abusive measures taken after a charge of discrimination is filed.

Nady has made no allegations of abuse of the legal process other than the mere filing of various allegedly frivolous complaints. He has failed to state a claim for abuse of process. The Court grants the motion to dismiss the claim, with leave to amend.

### C.    Nevada's Anti-SLAPP Statute

Dubric also moves the Court to dismiss the counterclaim under Nevada's anti-SLAPP statute. Nev. Rev. Stat. 41.660(1) allows a person against whom a lawsuit is filed to bring a special motion to dismiss the suit as a "meritless suit filed primarily to chill the defendant's exercise of First Amendment rights." *John v. Douglas Cty. Sch. Dist.*, 219 P.3d 1276, 1280 (Nev. 2009) (quotations omitted). The court must "treat the special motion to dismiss as a motion for summary judgment, and its granting the motion is an adjudication upon the merits." *Id.* at 1281. Because the Court is dismissing Nady's claims for failure to state a claim, the Court cannot adjudicate upon the merits of the claims as a motion for summary judgment. If Nady successfully amends the pleadings to state a claim of defamation or abuse of process, then the Court will entertain a renewed motion to dismiss under the anti-SLAPP statute.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 13) is GRANTED, with leave to amend within fourteen days.

IT IS SO ORDERED.

///

DATED: This 12th day of April, 2016.

_____
ROBERT C. JONES
United States District Judge